IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JEFFREY LYNN SCOTT,**

        **Plaintiff,**

                                CIVIL ACTION
  **vs.**                                No. 06-3050-SAC

**DAVID McKUNE, et al.,**

        **Defendants.**

### ORDER

This matter is before the court on a civil rights action filed pursuant to 42 U.S.C. § 1983 by a prisoner in state custody. By an earlier order, the court directed plaintiff to supplement the record to demonstrate his exhaustion of the administrative grievance procedure in compliance with 42 U.S.C. § 1997e(a). Plaintiff filed a timely response. The court has examined the record and enters the following findings and order.

**Background**

Plaintiff alleges that corrections authorities at the Lansing Correctional Facility violated his right of access to the courts by denying him access to copies of his legal materials and by refusing to deduct $255.00 from his institutional

mandatory savings account[1] for payment of an appellate filing fee; he also alleges that officials acted with a retaliatory motive by filing a false disciplinary report against him after he filed a grievance against a correctional officer.

## Discussion

Plaintiff's first and second claims allege he was denied access to the courts.  Prisoners have a constitutional right, secured by the First Amendment, to access to the courts to challenge violations of their constitutional rights. <u>Bounds v. Smith</u>, 430 U.S. 817, 828 (1977).  In order to establish a denial of access to the courts, a plaintiff must demonstrate an actual injury to pending or contemplated litigation challenging the validity of his incarceration or the conditions of confinement. <u>Lewis v. Casey</u>, 518 U.S. 343 (1996)(prisoner must show "relevant actual injury" to state claim of denial of access); <u>Penrod v.</u>

---

[1] The mandatory savings account is defined in the Kansas Department of Corrections' Internal Management Policy and Procedure (IMPP) 04-103 as: A savings account in which 10% of incoming monies less any outstanding obligations, and a specified portion of inmate earnings from work release or private industry employment is deposited and maintained until the inmate's release from custody.  The use of the funds in the account is restricted to 1) payment of garnishment 2)payment for birth certificates, should an inmate elect to use mandatory savings in lieu of his or her cash account, and, 3) only if the inmate's cash balance is exhausted, civil filing fees, transcript fees, legal mail postage, and subpoena costs.

Zavaras, 94 F.3d 1339, 1403 (10th Cir. 1996)("actual injury" requirement means prisoner must show a denial of legal materials impaired prisoner's pursuit of nonfrivolous claims).

A review of the materials supplied by the plaintiff shows that he cannot demonstrate an actual injury. First, the plaintiff's supplement demonstrates that the denial of legal copies was, in fact, a four day delay in his receipt of the materials (Doc. 5, p. 1). Plaintiff has shown no prejudice to any litigation as a result of this brief delay. Next, while plaintiff complains of the refusal of corrections authorities to deduct the funds for payment of the appellate filing fee in Case No. 05-3424, Scott v. McKune,[2] from his mandatory savings account, it is clear that Judge Vratil of this court granted plaintiff leave to proceed on appeal in forma pauperis in that action (Doc. 1, Ex. J). Plaintiff therefore suffered no denial of access to the courts. The court likewise sees no basis for plaintiff to pursue a claim of due process or equal protection premised on the failure of the Lansing Correctional Facility to satisfy the filing fee from plaintiff's mandatory savings. As noted in the Secretary's response to plaintiff's related

---

[2] The U.S. Court of Appeals for the Tenth Circuit considered the matter on the merits and denied relief. The appellate court did not order additional collection action. Scott v. McKune, 2006 WL 1453100 (May 26, 2006).

grievance, "the order [of the federal court] does not direct the Department of Corrections to withdraw funds for payment of that fee from money that has previously been deposited to the mandatory savings account...." (Doc. 5, Ex. A.)

Plaintiff's third claim for relief alleges he was issued a false disciplinary report in retaliation for his pursuit of a grievance. The record does not demonstrate that plaintiff properly exhausted this claim.

The record contains an affidavit (Doc. 1, Ex. E) in which plaintiff claims he was not properly served a copy of disciplinary report, Case No. 3031, and that he was not allowed to serve witness request forms. Because plaintiff has submitted nothing to show that he presented a claim of retaliation through available administrative remedies, the court concludes this claim is unexhausted and is subject to dismissal without prejudice. See Brown v. Chandler, 2004 WL 2244492, *4 (10th Cir. 2004)(affirming finding that prisoner failed to exhaust administrative remedies concerning claims of retaliation).[3]

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's claims alleging his rights were denied by the failure to provide legal copies and the refusal to withdraw funds from plaintiff's

---

[3] A copy of that unpublished order is attached.

mandatory savings account are dismissed for failure to state a claim for relief.

IT IS FURTHER ORDERED plaintiff's claim alleging retaliatory conduct in the issuance of a disciplinary report is dismissed without prejudice due to plaintiff's failure to demonstrate his exhaustion of available administrative remedies.

IT IS FURTHER ORDERED plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is denied as moot.

A copy of this order shall be transmitted to the plaintiff.

**IT IS SO ORDERED.**

Dated at Topeka, Kansas, this 18th day of July, 2006.

                                          S/ Sam A. Crow
                                          SAM A. CROW
                                          United States Senior District Judge